*In re* COTTON

Docket No. 165813. Submitted July 7, 1994, at Detroit. Decided
    October 12, 1994; approved for publication December 27, 1994,
    at 9:00 A.M.

Robert W. and Patricia A. Franks petitioned the juvenile division
    of the Wayne County Probate Court for the adoption of Saman-
    tha A. Cotton, a minor. The child had been in the foster care of
    the petitioners until their foster care license had been revoked
    after they had declined to cooperate with the foster care
    licensing authorities following an investigation of a complaint
    that they were guilty of child neglect and abuse. The superin-
    tendent of the Michigan Children's Institute, acting on the
    recommendation of an adoption specialist, denied consent to
    the adoption. The petitioners moved for an order to compel
    consent to the adoption. The court, Francis Pitts, J., denied the
    motion. The petitioners appealed.

The Court of Appeals *held:*

1. Because the matter at issue is a decision by the probate
court with respect to a motion, the court was not required to
make findings of fact and conclusions of law in compliance with
MCR 2.517. In any event, even if the rule did apply, the court's
findings were sufficient to comply with the requirements of the
court rule.

2. The Legislature, in enacting MCL 710.45; MSA
27.3178(555.45), clearly limited the scope of a probate court's
review of the denial of a consent to an adoption to a determina-
tion, supported by clear and convincing evidence, whether the
withholding of the consent was arbitrary and capricious. Only
after a determination that the withholding of the consent was
arbitrary and capricious may the court grant any further relief.
Accordingly, the probate court properly limited the scope of the
evidentiary hearing to the question whether the withholding of
consent by the superintendent of the Michigan Children's
Institute was arbitrary and capricious.

3. The evidence failed to establish that the withholding of the
consent to the adoption was arbitrary and capricious.

4. The probate court properly considered the revocation of
the petitioners' foster care license following the investigation of

the allegations of child neglect and abuse as proof of those allegations, in view of the fact that the petitioners failed to proceed with an administrative review of the license revocation.

5. Although it would appear that the evidentiary hearing was held without any unreasonable delay, even if there had been undue delay it is unclear what relief could be granted by the Court of Appeals. Certainly, relief would not take the form of requiring the probate court to grant the adoption.

Affirmed.

*John P. Brady,* for the petitioners.

*Neil A. McQuarrie,* Guardian Ad Litem for Samantha A. Cotton.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Richard T. O'Neill,* Assistant Attorney General, for the respondent.

Before: SAWYER, P.J., and WEAVER and S. A. TURNER,* JJ.

PER CURIAM. Petitioners appeal from an order of the probate court denying their motion to compel consent to the adoption of Samantha A. Cotton, a minor child. We affirm.

The child was removed from her natural parents shortly after birth and placed in foster care with petitioners. She remained with petitioners for approximately fifteen months, and petitioners did express an interest in adopting the child during that time. However, the child was not yet then available for adoption, because parental rights had not yet been terminated. While the child remained in foster care with petitioners, protective services received complaints regarding petitioners' alleged neglect or abuse of one or more of their other

* Circuit judge, sitting on the Court of Appeals by assignment.

minor children.[1] Protective services and foster care licensing authorities conducted separate but concurrent investigations into the complaints. Protective services terminated their investigation as being unsubstantiated. The licensing authorities concluded that petitioners were out of compliance with several rules, requested medical and psychiatric evaluations, and required that petitioners attend classes in child discipline.

Petitioners declined to cooperate and were notified of the department's intent to revoke petitioners' foster care license. Petitioners requested an administrative hearing, but later withdrew that request, allowing their foster care license to lapse. As a result, the minor child and one other foster child then in petitioners' household were removed from petitioners' home. Petitioners, nevertheless, pursued their desire to adopt the child. Home studies were conducted, and the adoption specialist who conducted them recommended against granting consent to petitioners to adopt the child. The specialist testified that he recommended withholding consent because of Mrs. Franks' mood swings, Mr. Franks' heart attack, petitioners' failure to comply with requests of licensing authorities, and alleged verbal abuse of the other children. The superintendent of the Michigan Children's Institute, Susan Leahy, denied consent for the adoption. Petitioners then brought the current action in probate court to compel the granting of consent.

Petitioners first argue that the trial court failed to set forth sufficient findings of fact and conclusions of law in its opinion as required by MCR 2.517. We disagree. First, the court technically was

[1] Petitioners were married in 1952 and had six children born of the marriage, all of whom are now adults. Additionally, petitioners have adopted four children, all minors, as well as having served as foster parents for approximately twenty-five years.

not required to make findings of fact and conclusions of law under the court rule, because that obligation does not apply to decisions on motions. MCR 2.517(A)(4). In any event, a trial court's findings are sufficient under MCR 2.517(A) if it appears that the trial court was aware of the factual issues and has applied the law correctly. *People v Vaughn,* 186 Mich App 376, 384; 465 NW2d 365 (1990). To the extent that the court rule does apply to this case, we are satisfied that the trial court's findings complied with the rule.

Petitioners next complain that the probate court improperly limited the scope of the evidentiary hearing to evidence related to the decision of the superintendent of the Michigan Children's Institute. We disagree. First, petitioners fail to identify any specific evidence that the trial court excluded that they believe should have been admitted. In any event, petitioners appear to argue the more general question whether the focus of the hearing should have been the reason why consent to the adoption was withheld rather than opening the hearing to any evidence that might be relevant to the question why the consent should have been granted.

Judicial review of the withholding of consent to an adoption is governed by MCL 710.45; MSA 27.3178(555.45). Under subsection 1, a person who has filed a petition to adopt may move in the court for a determination whether the withholding of consent to adopt is arbitrary and capricious. Under subsection 2, the court may terminate the rights of the representative who must give consent and enter a final order of adoption if the court finds by clear and convincing evidence that the consent was withheld arbitrarily and capriciously. Petitioners suggest that the intent of the Legislature in drafting the statute was not to narrow the review

to the question why consent was withheld, but to "empower the Court to review the collective conscious [sic—consciousness?] of [the Department of Social Services] in order to make the appropriate determination under Section 45." We disagree.

The fact that the Legislature in drafting the statute limited judicial review to a determination whether consent was withheld arbitrarily and capriciously, and further required that such a finding be based upon clear and convincing evidence, clearly indicates that it did not intend to allow the probate court to decide the adoption issue de novo and substitute its judgment for that of the representative of the agency that must consent to the adoption. Rather, the clear and unambiguous language terms of the statute indicate that the decision of the representative of the agency to withhold consent to an adoption must be upheld unless there is clear and convincing evidence that the representative acted arbitrarily and capriciously. Thus, the focus is not whether the representative made the "correct" decision or whether the probate judge would have decided the issue differently than the representative, but whether the representative acted arbitrarily and capriciously in making the decision. Accordingly, the hearing under § 45 is not, as petitioners seem to suggest, an opportunity for a petitioner to make a case relative to why the consent should have been granted, but rather is an opportunity to show that the representative acted arbitrarily and capriciously in withholding that consent. It is only after the petitioner has sustained the burden of showing by clear and convincing evidence that the representative acted arbitrarily and capriciously that the proceedings may then proceed to convincing the probate court that it should go ahead and enter a final order of adoption.

Because the initial focus is whether the representative acted arbitrarily and capriciously, the focus of such a hearing is not what reasons existed to authorize the adoption, but the reasons given by the representative for withholding the consent to the adoption. That is, if there exist good reasons why consent should be granted and good reasons why consent should be withheld, it cannot be said that the representative acted arbitrarily and capriciously in withholding that consent even though another individual, such as the probate judge, might have decided the matter in favor of the petitioner. Rather, it is the absence of any good reason to withhold consent, not the presence of good reasons to grant it, that indicates that the representative was acting in an arbitrary and capricious manner.

For the above reasons, we reject petitioners' argument that the trial court erred in focusing the hearing on the reason for the withholding of the consent.

Petitioners next argue that the probate court improperly assumed that the adverse action taken by the foster care licensing authorities was sufficient proof of the allegations of child abuse or neglect. However, the trial court did not err in its observations in this respect. First, the licensing authorities, in fact, did proceed to revoke petitioners' foster care license for the various reasons stated in the trial court's opinion. Petitioners initially did request an administrative hearing concerning the revocation, but thereafter withdrew the request for that hearing. The fact that the hearing was never held does not change the fact that the licensing authorities did proceed to revoke petitioners' foster care license. Moreover, the record amply supports any conclusion by the trial court that the reason the licensing authorities

moved to revoke the foster care license was in fact true.

Next, petitioners argue that the probate court abused its discretion by denying the relief requested by petitioners and in dismissing the adoption petition. We disagree. First, petitioners point to no authority that it is, in fact, within the probate court's discretion to grant an adoption where consent to that adoption has been withheld by the representative of the agency involved. As discussed above, because Superintendent Leahy did withhold respondent's consent to the adoption, the burden was on petitioners to show by clear and convincing evidence that Superintendent Leahy acted arbitrarily and capriciously in withholding that consent. We are not persuaded that the trial court erred in concluding that petitioners had failed in their burden. We again wish to underscore the fact that the scope of judicial review in this case is not to determine whether Superintendent Leahy reached the "correct" decision. Rather, the limit of judicial review is to determine whether Superintendent Leahy acted arbitrarily and capriciously in reaching her decision. The record reflects that there was, in fact, an investigation of the situation and that Superintendent Leahy's decision to withhold consent was based upon the results of that investigation and the recommendation of the staff members involved. While petitioners may be able to marshal evidence against the conclusions of those investigators, clearly the allegations are not frivolous or fanciful or without factual support. That being the case, it cannot be said that Superintendent Leahy acted arbitrarily and capriciously in withholding respondent's consent to the adoption.

Finally, petitioners argue that the probate court unreasonably delayed the evidentiary hearing in

this matter. We disagree. Petitioners filed their adoption proposal on June 3, 1992, and filed their motion under § 45 to commence these proceedings on October 23, 1992. A hearing was set for February 18, 1993, but that was subsequently adjourned to April 14, 1993, in order to accommodate a substitution of counsel for petitioners. This, in our opinion, does not constitute undue delay, particularly in light of the fact that at least part of the delay is attributable to petitioners themselves and their substitution of counsel. In any event, even if we were persuaded that there was undue delay, we are at a loss to determine what relief we could afford petitioners. Certainly if there were an undue delay, it would not compel the probate court to conclude that the consent to the adoption was arbitrarily and capriciously withheld and obligate the court to grant the adoption petition. Regardless of any delay in these proceedings, the issue remains the same: Was the consent to adopt arbitrarily and capriciously withheld? Any delay in holding the hearing to answer that question does not, however, change the answer to the question. Accordingly, even if we were to agree with petitioners that there was an undue delay, we are unclear on what relief we now could afford petitioners, and certainly any relief would not take the form of requiring the probate court to grant the adoption.

Affirmed.

S. A. TURNER, J., did not participate.