# STATE OF MICHIGAN

# COURT OF APPEALS

In re KRS, Minor.

UNPUBLISHED
June 9, 2015

No. 325134
Shiawassee Circuit Court
Family Division
LC No. 14-003768-AF

Before: RIORDAN, P.J., and DONOFRIO and BECKERING, JJ.

PER CURIAM.

In this adoption dispute, the trial court vacated the decision of Michigan Children's Institute (MCI) Superintendent William J. Johnson to deny his consent for the adoption of the minor child by his maternal grandmother and step-grandfather, the petitioners. For the reasons stated below, we reverse the trial court's order and remand the case to the trial court for dismissal of petitioners' petition to adopt.

Petitioners took custody of the minor from the parents, with respondent's consent, after a case worker visited the parents and determined that they were under the influence of drugs. The minor was in petitioners' custody for only four days before he was placed in the care of his paternal grandparents, apparently because petitioners could not transport him to his court-ordered visitation with the parents, although a caseworker also understood that the maternal grandmother was "too overwhelmed."

There was evidence that the minor's mother "had reported to service providers that she began drinking alcohol when she was twelve years old and began smoking marijuana shortly after when she was fourteen; and, began using opiates, Vicodin, and then heroin when she was seventeen years old." This information appeared in two evaluations, and a caseworker reported that she had no reason to believe the information was inaccurate, as she did not see why the mother would have lied to two separate evaluators. These reports also indicated that the mother was living on her own when she was 16 years old. Petitioners disputed that the mother was intoxicated when she was 12 or 14 years old and asserted that it "would be impossible" for her to have hidden an alcohol problem at that age. They also presented witnesses who stated that they never observed her under the influence of alcohol before high school. They attributed the information regarding her early use of alcohol to the minor's father. Petitioners indicated that they did not suspect that the mother had any substance abuse problem until they received an anonymous letter alleging that she was abusing heroin when she was 18 or 19 years old. At that point, they took her to rehabilitation but to no avail. There was also testimony that one of the

-1-

petitioners was struck with a beer bottle by her son; petitioners admitted there was an altercation but denied the existence of a beer bottle.

The mother of the minor in this case died of a drug overdose, and the father voluntarily relinquished his parental rights. A caseworker testified that petitioners had stated that they blamed the minor's father for the mother's death. Petitioners would not allow him to attend the mother's funeral. Also, the adoption worker testified that petitioners believed that the father was hiding some of their daughter's belongings and was being assisted by his mother. There was significant tension between the maternal and paternal relatives.

Based on consideration of which of four prospective adoptive parents would maintain the minor's relationships with both sides of the family, the adoption worker recommended that petitioners not be approved for the adoption. MCI Superintendent Johnson denied petitioners consent to adopt. He had concerns regarding petitioners' willingness and ability to assure the physical and emotional well-being of the child. This was premised upon the mother's reported early substance abuse and the son's "anger problem," as evidenced by the beer-bottle-assault, and the fact that the minor's in utero exposure to drugs could result in developmental and emotional issues and it was "not known" if petitioners could provide sufficient permanent care. He also cited the fact that the minor did not remain in petitioners' care following removal and that he was bonded to the adoptive relatives. After petitioners challenged this decision in the trial court, Johnson testified that he did not have concerns regarding petitioners' ability to physically care for the minor but had concerns about emotional well-being and ongoing relationships with extended family. He stated he had no reason to doubt the mother's self-reported early substance abuse, but that if it was inaccurate, it would remove that factor from consideration. He emphasized that family tension was his chief reason for denying consent to adopt to petitioners. Johnson testified that he relied upon the reports he was given and a case conference with the adoption worker and his staff. He stated he had enough information to make a decision and stood by that decision after hearing all the testimony.

The trial court stated that in its "opinion" petitioners' decision to restrict the father from the funeral was "a decision reasonable people could find right or wrong." It opined that if Superintendent Johnson relied upon inadequate or unfounded evidence to make his decision, then his decision would be arbitrary or capricious. The court then found that "there is no way" the mother's reported substance abuse "could be true" and disagreed that someone who was self-reporting would tend to minimize their drug use. The court found that the family tension and hostility was based only on circumstances following shortly after the mother's death and that this was not an "appropriate foundational block" for the superintendent's decision. It summarized that it did "not find credibility" in the adoption worker's facts and concluded that the superintendent's decision was therefore factually unsupported and arbitrary and capricious.

"Judicial review of the withholding of consent to an adoption is governed by MCL 710.45." *In re Cotton*, 208 Mich App 180, 183; 526 NW2d 601 (1994). Where consent has not been granted, "the petitioner may file a motion with the court alleging that the decision to withhold consent was arbitrary and capricious." MCL 710.45(2). "Unless the petitioner establishes by clear and convincing evidence that the decision to withhold consent was arbitrary and capricious, the court shall deny the motion described in subsection (2) and dismiss the petition to adopt." MCL 710.45(7).

Whether the trial court applied the proper review of the superintendent's decision under MCL 710.45 is "a question of law reviewed for clear legal error." *In re Keast*, 278 Mich App 415, 423; 750 NW2d 643 (2008). "When a court incorrectly chooses, interprets, or applies the law, it commits legal error that the appellate court is bound to correct." *Fletcher v Fletcher*, 447 Mich 871, 881; 526 NW2d 889 (1994).

The statute "clearly indicates that [the Legislature] did not intend to allow the probate court to decide the adoption issue de novo and substitute its judgment for that of the representative of the agency that must consent to the adoption." *In re Cotton*, 208 Mich App at 184. The focus when reviewing the superintendent's decision "is not whether the representative made the 'correct' decision or whether the probate judge would have decided the issue differently than the representative, but whether the representative acted arbitrarily and capriciously in making the decision." *Id*. The reviewing court must focus on "the reasons given by the representative for withholding the consent to the adoption," and "it is the absence of any good reason to withhold consent, not the presence of good reasons to grant it, that indicates that the representative was acting in an arbitrary and capricious manner." *Id*. at 185.

> The generally accepted meaning of "arbitrary" is "determined by whim or caprice," or "arrived at through an exercise of will or caprice, without consideration or adjustment with reference to principles, circumstances, or significance, . . . decisive but unreasoned." The generally accepted meaning of "capricious" is "apt to change suddenly; freakish; whimsical; humorsome." [*In re Keast*, 278 Mich App at 424-25 (internal quotation marks and citations omitted).]

The trial court failed to follow the standard set forth in *In re Keast* and *In re Cotton*. Rather than determine whether Superintendent Johnson acted arbitrarily and capriciously in making the decision, the trial court improperly engaged in a de novo review where it disagreed with the caseworkers' conclusions, found that certain facts were not "an appropriate foundational block" for the decision, and did "not find credibility in the foundation of alleged facts." The trial court improperly determined credibility and weighed evidence to determine whether Superintendent Johnson made the correct determination. *In re Cotton*, 208 Mich App at 184.[1]

Superintendent Johnson testified that several factors influenced his decision to deny petitioners' request to adopt. He stated that the central reason was the bond between the minor's family members and which family would be most likely to foster a bond with all sides, which is a reason petitioners wholly ignore on appeal. The parties admitted that there was tension following the mother's death. Petitioners pictured the father as the source of information regarding her substance abuse, even though that information was self-reported. They did not dispute that they blamed him for her death. Where the superintendent was concerned about family bonding, it is significant that petitioners did not know the names of the minor's half-

---

[1] Petitioners claim that our Supreme Court has "clarified" that *In re Cotton* has wrongly been interpreted, but they cite to a concurring opinion of one justice in the order *In re CW*, 488 Mich 935; 790 NW2d 383 (2010) (CORRIGAN, J., concurring), which is not binding. *Dean v Chrysler Corp*, 434 Mich 655, 661 n 7; 455 NW2d 699 (1990).

sisters and did not know anything about his relationship with them. That petitioners' currently have visitation does not show that they would foster relationships with the other family members but only illustrates that the paternal relatives did not frustrate petitioners' relationship with the minor. Finally, although there was conflicting testimony regarding hidden property and regarding anger issues within petitioners' family, those credibility questions were for resolution by the superintendent, not by the reviewing trial court.

The trial court is not empowered to conduct a de novo review, make credibility determinations, and assess the correctness of the superintendent's decision. *Id.* An underlying investigation by staff is sufficient to create a factual foundation for the superintendent's decision, and it is not enough for the petitioners to marshal evidence against the conclusions of the investigators. *Id*. at 186. The testimony showed that the superintendent's decision was based on the factual record and not determined by whim or apt to change suddenly. *In re Keast*, 278 Mich App at 424-25. The superintendent's decision centered on the family dynamic, and there were reasons in the record supporting his conclusion that respondents would not facilitate a relationship with all sides of the family. Accordingly, the trial court erred in finding that it was arbitrary and capricious.

We reverse the trial court's order and remand the case to the trial court for dismissal of petitioners' petition to adopt. We do not retain jurisdiction.


/s/ Michael J. Riordan
/s/ Pat M. Donofrio
/s/ Jane M. Beckering