*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re JCR II/JCR/JCR/JCR, Minors.

FOR PUBLICATION
May 23, 2024
9:10 a.m.

No. 367472
St. Clair Circuit Court
Probate Division
LC Nos. 23-000023-AM
23-000024-AM
23-000025-AM
23-000026-AM

Before: MALDONADO, P.J., and PATEL and N. P. HOOD, JJ.

N. P. HOOD, J.

Petitioner, Louann Ballard,[1] sought to adopt her four grandchildren after the circuit court terminated the parental rights of the children's biological parents. The superintendent of the Michigan Children's Institute (MCI) withheld consent to adopt. Petitioner challenged the superintendent's decision in the circuit court. After conducting a hearing pursuant to MCL 710.45(2) (a Section 45 hearing), the circuit court concluded that the superintendent's decision to withhold consent was not arbitrary and capricious, upheld that decision, and dismissed petitioner's adoption petition. Petitioner, proceeding *in propria persona*, appeals as of right. Because the circuit court did not allow complete discovery of information relevant to the Section 45 hearing, we vacate the circuit court's order dismissing petitioner's adoption petition and remand for additional proceedings. On remand, the circuit court shall allow petitioner to conduct discovery regarding the children's case files maintained by MCI, the Department of Health and Human

---

[1] Petitioner's claim of appeal and appellate brief incorrectly characterize the Louann Katherine Ballard Family Living Trust as the petitioner when, in fact, the trust had no role in the adoption proceedings.

Services (DHHS), and the involved adoption agency.[2]  The circuit court shall then hold a new Section 45 hearing.

## I. BACKGROUND

This appeal arises out of adoption proceedings concerning four siblings: JCR I, JCR II, JCR III, and JCR IV.  During the proceedings, JCR I and JCR III resided together with their paternal aunt and uncle, Theresa and Raymond Fuller.  JCR II and JCR IV resided together with their licensed foster parents, Nicholas and Tavi Lupu-Karayanis.  The Fullers and the Lupu-Karayanises expressed to MCI that they wished to adopt the respective children in their care.  Petitioner also expressed to MCI that she wished to adopt all four children.  MCI prepared adoption assessments for each child.  Ultimately, the MCI superintendent withheld consent for petitioner to adopt the children and granted consent for the Fullers and the Lupu-Karayanises to adopt the respective children in their care.

After the MCI superintendent's adoption decision, petitioner filed a petition to adopt all four children.  Petitioner also moved for a Section 45 hearing, arguing that the MCI superintendent's decision to withhold consent for adoption was arbitrary and capricious.  In turn, the Fullers and the Lupu-Karayanises filed competing petitions to adopt the respective children in their care.  The circuit court scheduled a Section 45 hearing in accordance with petitioner's motion.

Before the Section 45 hearing took place, petitioner served subpoenas on MCI, DHHS, and an involved adoption agency, requesting unredacted copies of "the entire file with respect to the children, parents, grandparents, and all persons with whom the children have been placed."  In response, DHHS moved to quash the subpoenas.[3]  Petitioner then moved to compel discovery, arguing that she was entitled to the entire file maintained by MCI, DHHS, and the adoption agency in order to support her adoption petition and Section 45 motion.

The circuit court addressed petitioner's motion to compel discovery immediately before the Section 45 hearing.  It denied petitioner's motion, reasoning that she was only entitled to documents relevant to the Section 45 hearing, which she had already received, and she was not permitted to engage in a "fishing expedition."  The circuit court explained its reasoning, in part, as follows:

---

[2] Our holding does not limit the circuit court's ability to address objections to petitioner's discovery requests on other grounds.  As this Court explained in *In re CADP*, 341 Mich App 370, 386; 990 NW2d 386 (2022) (*CADP I*), "specific objections to requested discovery information may be addressed by the trial court, including through a motion for a protective order under MCR 2.302(C) or a request for an *in camera* review."

[3] According to representations made by counsel on the record, DHHS agreed to produce portions of the file subject to a stipulated protective order.  We observe that, in addition to limiting disclosure of information in the discovery, the proposed stipulated protective order would also have limited the scope of discovery.  Petitioner declined to execute the proposed order, citing the belief that it was overbroad.

> You are not entitled, Counsel, to the entire file. You are entitled to anything that may be relevant to the superintendent's decision to deny. Not as to, I mean it's not a comparison about whether your client should be better than the ones who were consented. It's not a comparison between the parties, it's just whether or not there are good reasons your client was denied. That's the focus of this hearing, and you've been supplied that information because that information was given to your client. And so your motion is denied and we will proceed with this [hearing].

The circuit court continued to hold the Section 45 hearing and concluded that the MCI superintendent's decision to withhold consent for adoption was not arbitrary and capricious. The circuit court denied petitioner's Section 45 motion and dismissed her adoption petition. This appeal followed.

## II. PROCEEDINGS UNDER MCL 710.45

"The MCI superintendent represents the state of Michigan as guardian of all children committed to the state by a family court after termination of parental rights." *In re Keast*, 278 Mich App 415, 423; 750 NW2d 643 (2008), citing MCL 400.203. "The superintendent is authorized to consent to the adoption of any child committed to the MCI as a state ward." *In re Keast*, 278 Mich App at 423, citing MCL 400.209. Under MCL 710.45, "a family court's review of the superintendent's decision to withhold consent to adopt a state ward is limited to determining whether the adoption petitioner has established clear and convincing evidence that the MCI superintendent's withholding of consent was arbitrary and capricious." *In re TEM*, 343 Mich App 171, 176-177; 996 NW2d 850 (2022), quoting *In re Keast*, 278 Mich App at 423. "The generally accepted meaning of arbitrary is determined by whim or caprice, or arrived at through an exercise of will or caprice, without consideration or adjustment with reference to principles, circumstances, or significance[.]" *In re TEM*, 343 Mich App at 177, quoting *In re Keast*, 278 Mich App at 424-425 (cleaned up). Likewise, "the generally accepted meaning of capricious is apt to change suddenly; freakish; whimsical; [or] humorsome." *In re TEM*, 343 Mich App at 177, quoting *In re Keast*, 278 Mich App at 424-425 (cleaned up).

In determining whether the MCI superintendent's decision to withhold consent to adopt a state ward was arbitrary and capricious, a circuit court must not decide the adoption issue de novo and substitute its judgment for that of the superintendent. *In re Cotton*, 208 Mich App 180, 184; 526 NW2d 601 (1994). "[I]f there exist good reasons why consent should be granted and good reasons why consent should be withheld, it cannot be said that the [MCI superintendent] acted arbitrarily and capriciously in withholding that consent . . . ." *Id*. at 185. In this context, this Court has explained that "it is the absence of any good reason to withhold consent, not the presence of good reasons to grant it, that indicates that the representative was acting in an arbitrary and capricious manner." *Id*.

## III. DISCOVERY

Petitioner argues that the circuit court erred by concluding that she was not entitled to discovery regarding the children's files maintained by MCI, DHHS, and the involved adoption agency. We agree.

"A trial court's decision to grant or deny discovery is reviewed for an abuse of discretion." *In re CADP,* 341 Mich App 370, 379; 990 NW2d 386 (2022) (*CADP I*). An abuse of discretion occurs when the trial court's decision was outside the range of reasonable and principled outcomes. *Id.* (citation and quotations marks omitted).

MCR 2.302(B)(1) governs the general scope of civil discovery in Michigan. It provides:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case, taking into account all pertinent factors, including whether the burden or expense of the proposed discovery outweighs its likely benefit, the complexity of the case, the importance of the issues at stake in the action, the amount in controversy, and the parties' resources and access to relevant information. Information within the scope of discovery need not be admissible in evidence to be discoverable.

"Michigan follows an open, broad discovery policy that permits liberal discovery of any matter, not privileged, that is relevant to the subject matter involved in the pending case." *Reed Dairy Farm v Consumers Power Co*, 227 Mich App 614, 616; 576 NW2d 709 (1998) (citations omitted). A matter is "relevant" when it has a "practical . . . bearing" on a party's claim or defense or is "pertinent" to it. *McClellan v Collar (On Remand)*, 240 Mich App 403, 410; 613 NW2d 729 (2000) (quotation marks and citation omitted). MRE 401 provides that evidence is relevant if it "has any tendency" to make a fact of consequence more or less probable than without the evidence. MRE 401(a) and (b). Thus, as a general rule, "any document that is relevant and not privileged is freely discoverable upon request." *Hartmann v Shearson Lehman Hutton, Inc*, 194 Mich App 25, 28; 486 NW2d 53 (1992). The court rules ensure that discovery requests are fair and legitimate by providing that discovery may be circumscribed to prevent excessive, abusive, irrelevant, or unduly burdensome requests. See MCR 2.302(C). As a specific rule, we have held that the case files relating to an adoptive child "is relevant evidence under MCR 2.302(B)(1) for the purpose of determining whether MCI's decision to withhold consent to adopt the minor child was arbitrary and capricious." *CADP I*, 341 Mich App at 386.

In *CADP I*, this Court confirmed that discovery is permissible in adoption cases and that the court rules governing civil discovery generally apply to adoption proceedings. *CADP I*, 341 Mich App at 380. There, the petitioners sought through a discovery request the "complete" files from MCI, DHHS, and the involved adoption agency. *Id*. at 376. The trial court denied the request, concluding that the petitioners were not entitled to discovery because the general discovery rules did not apply to Section 45 proceedings, the information sought was confidential, and the petitioners' subpoenas were overbroad. *Id*. at 377. Petitioners appealed, and this Court reversed and remanded. It held, in part, that "the discovery rules do, in fact, apply to a § 45 hearing[,]" and "[the] petitioners' subpoenas were not necessarily overbroad." *Id*. at 386. In doing so, this Court explained as follows:

> [The] [p]etitioners sought the case files relating to CADP, which is relevant evidence under MCR 2.302(B)(1) for the purpose of determining whether MCI's decision to withhold consent to adopt the minor child was arbitrary and capricious. In other words, the reasons supporting MCI's decision to withhold consent may be determined to be invalid if, for example, the information relied upon was

inaccurate, the child's circumstances were not properly considered, or certain facts were not considered. Any such evidence may only be obtained through appropriate discovery, and specific objections to requested discovery information may be addressed by the trial court, including through a motion for a protective order under MCR 2.302(C) or a request for an *in camera* review. Because it is [the] petitioners' burden in a § 45 hearing to establish "by clear and convincing evidence that the decision to withhold consent was arbitrary and capricious," MCL 710.45(7), [the] petitioners must be afforded the means to attempt to carry that burden. [*CADP I*, 341 Mich App at 386.]

This Court revisited the CADP adoption matter in *In re CADP*, unpublished per curiam opinion of the Court of Appeals, issued February 22, 2024 (Docket Nos. 366087 and 366088) (*CADP II*).[4] After remand, the trial court limited the scope of discovery by precluding the competing parties from discovering information related to one another's adoption petitions before proceeding with the Section 45 hearing. *Id*. at 2. In the following appeal, this Court held that the trial court erred by only allowing the petitioners access to their own adoption-related files. *Id*. It reasoned that the trial court's discovery ruling contradicted the holding in *CADP I*, thereby violating the law of the case doctrine.[5] *Id*. at 3. It further explained that, because the trial court did not allow discovery of information related to the competing parties, the petitioners were not afforded the means to attempt to carry their burden to establish that the MCI superintendent's decision to withhold consent for adoption was arbitrary and capricious. *Id*. at 4.

Here, the circuit court abused its discretion by declining to permit discovery of information relevant to the Section 45 hearing. As this Court explained in *CADP I*, a child's case files are relevant for purposes of determining whether the MCI superintendent's decision to withhold consent for adoption was arbitrary and capricious. *CADP I*, 341 Mich App at 386. The basis for the MCI superintendent's decision may have been determined invalid if, for example, petitioner presented evidence that the information relied upon was inaccurate or the children's circumstances were not properly considered. See *id*. Because petitioner was not able to access the children's case files maintained by MCI, DHHS, and the involved adoption agency in discovery, she was deprived of meaningful discovery related to a hearing where her burden was to establish by clear and convincing evidence that the decision to withhold consent for adoption was arbitrary and capricious. The circuit court abused its discretion by declining to permit discovery of information relevant to the Section 45 hearing. We, therefore, vacate the circuit court's order dismissing petitioner's adoption petition and remand for additional proceedings. Because remand is warranted and the trial court must hold a new Section 45 hearing, we decline to address petitioner's

---

[4] "Although MCR 7.215(C)(1) provides that unpublished opinions are not binding under the rule of stare decisis, a court may nonetheless consider such opinions for their instructive or persuasive value." *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017) (citation omitted).

[5] "Generally, the law of the case doctrine provides that an appellate court's decision will bind a trial court on remand and the appellate court in subsequent appeals." *Duncan v Michigan*, 300 Mich App 176, 188-189; 832 NW2d 761 (2013) (quotation marks and citation omitted).

arguments pertaining to the trial court's ultimate conclusion that the MCI superintendent's decision was not arbitrary and capricious.

## IV. BIAS

Petitioner also argues that the circuit court, MCI, DHHS, and the children's guardian ad litem (GAL) were biased against her and that this bias and impartiality deprived her of a fair hearing. Petitioner, however, failed to preserve these claims by raising them below or in an appropriate motion for disqualification. See *PC v JLS*, ___ Mich App ___, ___ n 2; ___ NW3d ___ (2023). Moreover, she has not presented any facts or any citations to the record to support her allegations of bias or misconduct. Our independent review of the record also failed to disclose support for petitioner's claims. Accordingly, petitioner has abandoned this claim of error. "It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (quotation marks and citation omitted). There is nothing to suggest that either the trial court, MCI, DHHS, or the GAL were biased against petitioner.

## V. ICWA AND MIFPA

During the pendency of this appeal, petitioner filed what she characterized as notice of the children's eligibility for membership in the Cherokee Indian tribe. Congress enacted the Indian Child Welfare Act (ICWA), 25 USC 1901 *et seq*., and our Legislature enacted the Michigan Indian Family Preservation Act (MIFPA), MCL 712B.1 *et seq.*, in efforts to protect and preserve American Indian tribes and families. See *In re England*, 314 Mich App 245, 251; 887 NW2d 10 (2016). The statutes each establish substantive and procedural protections applicable when American Indian children are involved in child custody proceedings. *Id*. The statutes contain notice provisions, which generally require that proper notice of child custody proceedings be given to a child's actual or putative American Indian tribe. *In re Williams*, 501 Mich 289, 296; 915 NW2d 328 (2018). Because we have already concluded that remand is warranted, we need not determine whether the ICWA and MIFPA provide independent bases for reversal under these circumstances. On remand, however, the circuit court must address the applicability of the ICWA and MIFPA in light of petitioner's claim regarding the children's eligibility for membership in an American Indian tribe. See *In re Morris*, 491 Mich 81, 108; 815 NW2d 62 (2012) (explaining that, under the ICWA, "[o]nce sufficient indicia of [American] Indian heritage are presented to give the court a reason to believe the child is or may be an [American] Indian child, resolution of the child's and parent's tribal status requires notice to the tribe or, when the appropriate tribe cannot be determined, to the Secretary of the Interior.").

## VI. CONCLUSION

We vacate the circuit court's order dismissing the petition to set aside MCI's denial of consent to adopt. We remand for additional proceedings consistent with this opinion. We do not retain jurisdiction.[6]

/s/ Noah P. Hood
/s/ Allie Greenleaf Maldonado
/s/ Sima G. Patel

---

[6] To the extent that petitioner's appellate brief purports to raise additional issues, we consider them abandoned. Although petitioner's brief identifies 20 issues in her Statement of Questions Involved, her issue statements are often incomplete, unclear, or redundant. The deficiencies in petitioner's brief make it difficult to discern the rationale underlying many of her claims of error. In recognition of petitioner's pro se status, we have addressed those issues that could be discerned from petitioner's brief. See *Hein v Hein,* 337 Mich App 109, 115; 972 NW2d 337 (2021). But under the circumstances, any other issue that petitioner is purporting to raise must be deemed abandoned. See *Blackburne & Brown Mtg Co v Ziomek*, 264 Mich App 615, 619; 692 NW2d 388 (2004) ("An appellant may not merely announce its position or assert an error and leave it to this Court to discover and rationalize the basis for its claims, unravel or elaborate its argument, or search for authority for its position. Insufficiently briefed issues are deemed abandoned on appeal.") (quotation marks and citations omitted).