*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* JCR II/JCR/JCR/JCR, Minors.

FOR PUBLICATION
May 23, 2024

No. 367472
St. Clair Circuit Court
Family Division
LC Nos. 23-000023-AM
23-000024-AM
23-000025-AM
23-000026-AM

Before: MALDONADO, P.J., and PATEL and N. P. HOOD, JJ.

MALDONADO, P.J. (*concurring*).

I fully concur in the lead opinion. I write separately to reiterate the concerns that I raised when this Court decided *In re CADP*, unpublished per curiam opinion of the Court of Appeals, issued February 22, 2024 (Docket Nos. 366807 and 366808) (MALDONADO, J. concurring). The standard this Court has adopted for judicial review of MCR Superintendent decisions is far more deferential than what was anticipated by the Legislature when it enacted Section 45. Because the issue and the analysis are identical to *CADP*, I have left my restatement of the prior concurrence largely unchanged.

Section 45 of the Adoption Code, MCL 710.21 *et seq.*, governs these proceedings and provides in relevant part:

> (2) If an adoption petitioner has been unable to obtain the consent required by section 43(1)(b), (c), or (d) of this chapter, the petitioner may file a motion with the court alleging that the decision to withhold consent was arbitrary and capricious. A motion under this subsection shall contain information regarding both of the following:

> (a) The specific steps taken by the petitioner to obtain the consent required and the results, if any.

-1-

(b) The specific reasons why the petitioner believes the decision to withhold consent was arbitrary and capricious.

* * *

(8) If the court finds by clear and convincing evidence that the decision to withhold consent was arbitrary and capricious, the court shall issue a written decision and may terminate the rights of the appropriate court, child placing agency, or department and may enter further orders in accordance with this chapter or section 18 of chapter XIIA as the court considers appropriate. In addition, the court may grant to the petitioner reimbursement for petitioner's costs of preparing, filing, and arguing the motion alleging the withholding of consent was arbitrary and capricious, including a reasonable allowance for attorney fees. [MCL 710.45.]

Because § 45 proceedings hinge on whether the decision to withhold consent was "arbitrary and capricious," the meaning of this term is critical; however, the term is undefined by the statute. See MCL 710.22. Accordingly, it has been left to the judiciary to provide guidance.

The foundational case for defining "arbitrary and capricious" in the context of adoption proceedings is *In re Cotton*, 208 Mich App 180, 184; 526 NW2d 601 (1994):

The fact that the Legislature in drafting the statute limited judicial review to a determination whether consent was withheld arbitrarily and capriciously, and further required that such a finding be based upon clear and convincing evidence, clearly indicates that it did not intend to allow the probate court to decide the adoption issue de novo and substitute its judgment for that of the representative of the agency that must consent to the adoption. Rather, the clear and unambiguous language terms of the statute indicate that the decision of the representative of the agency to withhold consent to an adoption must be upheld unless there is clear and convincing evidence that the representative acted arbitrarily and capriciously. Thus, the focus is not whether the representative made the "correct" decision or whether the probate judge would have decided the issue differently than the representative, but whether the representative acted arbitrarily and capriciously in making the decision. Accordingly, the hearing under § 45 is not, as petitioners seem to suggest, an opportunity for a petitioner to make a case relative to why the consent should have been granted, but rather is an opportunity to show that the representative acted arbitrarily and capriciously in withholding that consent. It is only after the petitioner has sustained the burden of showing by clear and convincing evidence that the representative acted arbitrarily and capriciously that the proceedings may then proceed to convincing the probate court that it should go ahead and enter a final order of adoption.

One cannot reasonably dispute that this is an accurate statement of the law. The Legislature clearly intended that the MCI Superintendent be the decision maker in these matters and that judicial intervention would only be permitted in the event of an egregious mistake. As a judge, it is not my place to second guess the Legislature on policy matters, I may only attempt to ascertain its intent. To that end, I believe the next paragraph in *Cotton* went too far:

> Because the initial focus is whether the representative acted arbitrarily and capriciously, the focus of such a hearing is not what reasons existed to authorize the adoption, but the reasons given by the representative for withholding the consent to the adoption. That is, if there exist good reasons why consent should be granted and good reasons why consent should be withheld, it cannot be said that the representative acted arbitrarily and capriciously in withholding that consent even though another individual, such as the probate judge, might have decided the matter in favor of the petitioner. Rather, *it is the absence of any good reason to withhold consent*, not the presence of good reasons to grant it, *that indicates that the representative was acting in an arbitrary and capricious manner*. [*Id*. at 185 (emphasis added).]

When it decided *In re TEM*, 343 Mich App 171, 179; 996 NW2d 850 (2022), this Court left no doubt regarding what it meant in *Cotton*: "Michigan authority is clear that the court is to determine if there is any good reason to support the MCI Superintendent's decision; if so, the decision must be upheld." The "any good reason" standard was also articulated in three additional published opinions of this Court, including the previous appeal in this case. *In re Keast*, 278 Mich App 415, 425; 750 NW2d 643 (2008); *In re ASF*, 311 Mich App 420, 430; 876 NW2d 253 (2015); *In re CADP*, 341 Mich App 370, 380; 990 NW2d 386 (2022).

I disagree with this Court's conclusion in *Cotton* and its progeny that a decision cannot be deemed arbitrary and capricious if there is any good reason to support it. Indeed, even the cases articulating this standard are self-contradictory. For example, in *TEM* this Court stated that

> The generally accepted meaning of arbitrary is "determined by whim or caprice," or "arrived at through an exercise of will or caprice, without consideration or adjustment with reference to principles, circumstances, or significance, decisive but unreasoned," and the generally accepted meaning of capricious is 'apt to change suddenly; freakish; whimsical; humorsome.' [*TEM*, 343 Mich App at 177, quoting *Keast*, 278 Mich App at 424-425 (quotation marks and alterations omitted); see also *CADP*, 341 Mich App at 380.[1]]

A "freakish" decision that is "determined by whim" can also be supported by at least one good reason.

The term "arbitrary and capricious" being construed to mean "unsupported by any good reason" is unique to this statute in these proceedings, and this "any good reason" standard has not been applied in any other context. Indeed, in other contexts, the definition provided above is the only one used. See, e.g., *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 472; 688 NW2d 523 (2004) (stating that "[a] decision is arbitrary if it is without adequate determining

---

[1] In *CADP*, this Court paraphrased *Keast* as follows: "A decision is arbitrary if, although decisive, it is reached by whim or caprice rather than being reasoned and driven by reference to principles, circumstances, or significance. A decision is capricious if it is whimsical, freakish, or humorsome, or apt to being suddenly changed." *CADP*, 341 Mich App at 380 (quotation marks, citations, and alterations omitted).

principle, fixed or arrived at through an exercise of will or by caprice, without consideration or adjustment with reference to principles, circumstances, or significance, decisive but unreasoned" and that "[a] decision is capricious if it is apt to change suddenly; freakish; whimsical; humorsome"). When the Legislature uses a legal term of art, it "must be construed in accordance with its peculiar and appropriate legal meaning." *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008). By limiting judicial intervention to those cases in which a decision was arbitrary and capricious, the Legislature certainly intended to build a system of strict deference, but this Court has taken it even further. The "any good reason" standard essentially removes any judicial oversight and relegates virtually all § 45 petitions to automatic futility. These cases are inconsistent with the language of the statute and run afoul of the Legislature's intent.

Importantly, the standard articulated by this Court in *Cotton* and subsequently reaffirmed by several unpublished opinions has never been adopted by the Supreme Court. However, in a concurring opinion, Justice Corrigan criticized how *Cotton* has been interpreted in subsequent cases:

> The lower courts relied on the Court of Appeals opinion in *In re Cotton* to conclude, in the words of the trial judge, that a petitioner's burden under MCL 750.45 is "almost impossible." The Court of Appeals opined that the evidence proffered by the Martins was essentially irrelevant because it was insufficient for the trial court to have concluded that there were no good reasons for the Superintendent to have withheld consent. To support this conclusion, the Court of Appeals cited *In re Cotton* for the proposition that "it is the absence of any good reason to withhold consent, not the presence of good reasons to grant it, that indicates that the representative was acting in an arbitrary and capricious manner."

> But the tribunals misinterpreted *In re Cotton* in this regard, thus effectively rendering their review under MCL 750.45 meaningless. The oft-cited portion of *In re Cotton* was primarily aimed at refuting the narrow question posed in that case: whether the Legislature intended for a reviewing court to decide adoption issues de novo and substitute its judgment for that of the representative of the agency that must consent to the adoption. *In re Cotton* did not establish, as the lower courts appear to conclude, that the Superintendent's decision must be affirmed as long as it appears facially reasoned, without regard to the accuracy of the facts or the thoroughness of the investigation, as long as a single "good" reason supports the decision. To the contrary, as *In re Cotton* explicitly suggested, a reviewing court may address whether the bases for his decision are "without factual support." [*In re CW*, 488 Mich 935, 940-941; 790 NW2d 383 (2010) (CORRIGAN, J., concurring) (quotation marks and citations omitted).]

As described above, this Court did not heed Justice Corrigan's warning, and this Court cemented the "any good reason" standard in 2022 when it published its opinion in *TEM*, 343 Mich App at 179.

Once again, I hope that the Supreme Court will take up this issue anew and correct this effective nullification of judicial oversight of the Superintendent's decision making. Notably, the appellants in *CADP II* have sought leave to appeal in the Supreme Court, relying significantly on

my concurring opinion. *CADP II* presents the Supreme Court with the perfect opportunity to finally resolve this issue and determine the exact scope of review in Section 45 hearings. Since this country's inception, our system of government has relied on checks and balances to ensure fair treatment of its citizens and to mitigate the risk of mistakes. Accordingly, the Legislature enacted a system through which the executive branch decides whether to consent to an adopt and the judicial branch ensures that the decision was not arbitrary and capricious. It is time for this judicial check on the exercise of executive discretion to be restored.

/s/ Allie Greenleaf Maldonado